IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NUMBER  1:07MS00004 |
| | JUDGE: Richard W. Roberts |
| v. | DECK TYPE: Miscellanous |
| ANTWUAN BALL, et al., | DATE STAMP: 01/05/2007 |

### MOTION TO QUASH SUBPOENA DUCES TECUM

Edgewood Management Corporation, a nonparty to the above-referenced matter, hereby moves this Court to quash the Subpoena Duces Tecum issued by James Beane, Esq. in the above-captioned matter. In support of its Motion, Plaintiff relies upon the following:

1. Fed. R. Crim. P. 17(c)(2);

2. Fed. R. Crim. P. 47; and

3. Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder          #265041
Michael J. Carmody        #455703
1889 Preston White Drive, Suite 200
Reston, VA  20191
(703) 766-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena Duces Tecum, Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum and proposed Order was mailed, first-class, postage prepaid, this 4 day of January 2007 to James Beane, Esq., 2715 M Street, NW, Suite 200, Washington, DC 20001 (Counsel for Defendant Gregory Bell), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

BY: _____

Anne M. Magruder          #265041
Michael J. Carmody        #455703

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No.: CR 05-100 (03) |
| | ) |
| ANTWUAN BALL, et al., | ) |
| | ) |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM

Edgewood Management Corporation ("Movant," who is a non-party to this case and who was improperly named in the subpoena as "Custodian of Records Edgewood Management"), has moved the court to quash the Subpoena Duces Tecum in a Criminal Case issued by counsel for Defendant Gregory Bell dated December 29, 2006 ("Subpoena"), pursuant to Federal Criminal Procedure Rule 17(c)(2), as (1) the Subpoena was improperly served, and (2) the Subpoena failed to properly identify the person authorized to produce the requested records.

### BRIEF BACKGROUND

Edgewood Management Corporation ("Movant") is the managing agent for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C. James Beane, Esq. ("Beane"), attorney for Defendant Gregory Bell, issued the above-referenced Subpoena, dated December 29, 2006, which was addressed as follows:

To:   Custodian of Records
      Edgewood Management

8403 Colesville Road
Silver Spring, MD 20910

A copy of the Subpoena and a list of requested documents are attached hereto as Exhibit 1 and incorporated by reference herein. The Subpoena provided contact information for one "Joseph H. Aronstamn, Investigator" ("Aronstamn"), explained that "[p]roduction of these records may release the named party from appearing in court," and detailed that the records should be turned over to Aronstamn. Aronstamn attempted to serve the Subpoena on Friday, December 29, 2006 by hand-delivering the Subpoena to Shree Letren, an employee of Movant who was working at the reception desk at 8403 Colesville Road, but Aronstamn did not tender any witness fees or mileage fees along with the Subpoena. Furthermore, the Subpoena incorrectly referenced Movant as "Edgewood Management" and specified that the Subpoena was addressed to "Custodian of Records" as witness. Counsel for Movant has attempted to contact Beane to describe the deficiencies in the Subpoena, but has not yet reached Beane, and to date, Beane and Aronstamn have not attempted to revise or modify the Subpoena, nor have they attempted to cure the Subpoena's deficiencies.

## ARGUMENT

1. <u>The Subpoena Should Be Quashed For Improper Service.</u>

Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena in a criminal case, provides that:

> **(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need

not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

Fed. R. Crim. P. 17(d). In the present case, a copy of the Subpoena has not been properly delivered to Movant, nor were any witness-attendance fees tendered to Movant. Instead, the Subpoena was only delivered to Shree Letren, Movant's employee at 8403 Colesville Road, an employee who is not authorized to accept service on behalf of Movant.

If Movant is the entity to whom Beane intended to direct the Subpoena, then because Movant is a corporation, the Federal Rules require service of process on the defendant to conform to the relevant state and federal statutes authorizing service of process on a corporation. Thus, the service of the Subpoena is proper if it was effected in accordance with either Federal Rule of Civil Procedure 4(h), or the service of process statutes of the District of Columbia. *See* Fed. R. Civ. P. 4(h). The District of Columbia authorizes service by delivery of "a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service." D.C. R. Civ. P. 4(e)(1)(West 2001). Movant maintains a registered agent in the District of Columbia for service of process.

Because the Subpoena was not properly delivered to Movant's authorized agent for service, and because the Subpoena was not delivered to the named witness along with witness and mileage fees under Fed. R. Cr. P. 17(d), the Subpoena should be quashed for improper service.

    2.    <u>The Subpoena Should Be Quashed For Its Failure To Properly Identify The Person Authorized to Produce the Requested Records.</u>

Even if the Subpoena in this matter had been properly served upon Movant, the Subpoena should still be quashed for its failure to properly identify the witness it attempts to command to appear. The Subpoena is addressed to one "Custodian of Records" at "Edgewood Management" located at 8403 Colesville Road, Silver Spring, Maryland.

There is no organization by the name of "Edgewood Management" at this address. Movant's employee assumed that the issuing party had attempted to direct the Subpoena to Movant, Edgewood Management Corporation, and thus Movant's employee eventually forwarded the Subpoena to Movant's counsel; however, the Subpoena, addressed in its current state, cannot stand.

Thus, the Subpoena should be quashed because it fails to properly identify a known person who is authorized to produce the records requested in the Subpoena.

3. <u>The Subpoena Should Be Quashed Because Compliance Would Be Unreasonable And Oppressive</u>

Even if the Subpoena in this matter had been property served upon Movant and had properly identified the witness it attempts to command to appear, the Subpoena should still be quashed because it is unreasonable and oppressive in allowing such little time for compliance. Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena, provides that:

> (c)(2) The court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(2). As a further example, though not controlling in this case,

Rule 45 of the Federal Rules of Civil Procedure allows for the court to quash a motion that "fails to allow reasonable time for compliance". <u>See</u> Fed. R. Civ. P. 45 (requiring a minimum of 14 days notice for subpoenas requesting production of documents). In the present case, the Subpoena was served on Friday, December 29, 2006, directly before the New Year's Holiday and the national holiday observed on January 2, 2007, due to former President Ford's death, for a court appearance on January 3, 2007 at 9:30 AM. Considering the time allowed, compliance with this Subpoena would be unreasonable and oppressive, even notwithstanding the Subpoena's other deficiencies.

Thus, the Subpoena should be quashed because compliance in this time frame would be unreasonable and oppressive.

## CONCLUSION

The Subpoena cannot stand in its current state—it does not list a known person as witness, it requests records from a person who is not authorized to maintain such records, it does not allow for reasonable time for compliance, and it was not properly served. Thus, the Movant requests that the Court quash the Subpoena Duces Tecum in this matter in its entirety.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder         #265041
Michael J. Carmody        #455703
1889 Preston White Dr., Ste 200
Reston, VA 20191    (703) 766-4400

E49991.023

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

──────── DISTRICT OF ────────

IN FORMA PAUPERIS                    <u>DUCES TECUM</u>

| UNITED STATES OF AMERICA | SUBPOENA IN A |
|---|---|
| V. | CRIMINAL CASE |
| ANTWUAN BALL, et al. | CASE NUMBER: CR 05-100 (03) |

**TO:** Custodian of Records
Edgewood Management
8403 Colesville Road
Silver Spring, MD. 20910  (301) 562-1600

☒ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | Judge Roberts #22-A |
| | **DATE AND TIME** |
| | January 3, 2007 at 9:30 AM |

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or objects(s):

**PLEASE SEE ATTACHED LIST OF REQUESTED DOCUMENTS**

\* PRODUCTION OF THESE RECORDS **MAY** RELEASE THE NAMED PARTY FROM APPEARING IN COURT—Records may be turned over to Joseph H. Aronstamn, Investigator (202) 368-3766

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON (By) Deputy Clerk | 12/29/06 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001 (202) 333-5905



EXHIBIT 1
Case No. 05-100(03)

LIST OF REQUESTED DOCUMENTS
AN ATTACHMENT TO FEDERAL SUBPOENA
CASE NUMBER: CR 05-100 (03)
Served by Joseph H. Aronstamn, Private Investigator
To
Edgewood Management
Subpoena dated 12/29/06

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
   1.1. **Dates of Birth**
   1.2. **Social Security Numbers**
   1.3. **Emergency contact** information
   1.4. **Forwarding addresses and phone numbers**
   1.5. **All information on employment,** including but not limited to, name, address and telephone number of employer and dates of employment.
   1.6. **All information on relatives,** including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
   1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.**

2. **RENE CUNNINGHAM**
   2.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
   2.2. Moved from Congress Park in 1998/1999

3. **1303 CONGRESS ST, UNIT #30, SE WDC**
   3.1. For the time period of June 2000
   3.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
   3.3. Who resides there now?

4. **GALE/GAIL PARSONS/PARSON**
   4.1. May have resided at 3401 13th Pl, SE Unit #103
   4.2. Date of Birth *may be*: 08/12/1960

5. **3401 13TH PL, SE UNIT #103**
   5.1. For the time period July 27, 2000
   5.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
   5.3. Who resides there now?

6. **CHARLOTTE O'BRIEN**
   6.1. Moved out on 4/15/2004
   6.2. May have resided at 1326 Congress St, SE #6

7. **1330 CONGRESS ST, SE, UNIT #5**
   7.1. For the time period April 4, 2004
   7.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
   7.3. Who resides there now?

AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)
Page 2 of 2

8. **MARY MCCLENDON**
   8.1  Date of Birth: 01/12/1952

9. **3408 13TH PL, SE UNIT #204**
   9.1  For the time period October 4, 2004
   9.2  Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

10. **EDGEWOOD MANAGEMENT EMPLOYEE W/FIRST NAME "PETE"**
    10.1.  This employee's first name was/is Pete
    10.2.  He worked there approximately 2000-2004
    10.3.  Supervisor for Gregory Bell

11. **CONTINENTAL POOLS**
    11.1.  Information on contacts with this company by Edgewood Management

12. **HAMEL CONSTRUCTION**
    12.1.  Information on contacts with this company by Edgewood Management

13. **EAGLE TECHNOLOGIES /SECURITY**
    13.1.  Information on contacts with this company by Edgewood Management

14. **THE STEP FOUNDATION**
    14.1.  Information on contacts with this company by Edgewood Management